UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE E. McCANN,

    Petitioner

v.                       : CIVIL NO. 3:CV-12-294

WAYNE COUNTY CORRECTIONAL   : (Judge Kosik)
FACILITY, et al.,

    Respondents

## MEMORANDUM

### I. Introduction

Wayne E. McCann, an inmate confined at the Wayne County Correctional Facility in Honesdale, Pennsylvania, filed this action labeled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 14, 2012. (Doc. 1, Pet.) Named as Respondents are the Wayne County Correctional Facility and the State Correctional Institution at Waymart, McCann's former place of confinement.[1] He did not submit the filing fee or a motion to proceed in forma pauperis with his filing. For the reasons that follow, McCann will be granted in forma pauperis status for the sole purpose of filing this action, but the petition will be dismissed without prejudice to any right he may have to reassert his claims in a properly filed civil rights complaint.

---

[1] It appears that McCann most likely intended to name the warden/superintendent at each institution as the respondents.

## II. Background

In the instant petition, McCann's claims are simple and straightforward. He claims that he was serving his sentence in a state correctional institution, but has since been transferred to the Wayne County Correctional Facility. The gist of his filing is that in being transferred to a county facility, he has lost certain "privileges and rights" that he previously enjoyed while housed at the state facility. Some of these include the loss of daily access to a state law library, the loss of employment and pay, the loss of lifting weights and other physical activities offered at a state facility, and numerous other privileges he claims are not available in the county facility. He requests that this court deem his present confinement at the county facility to be unreasonable and grant his request to be transferred back to a state correctional institution.

## III. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by th Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134, 141 (4th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that McCann does not seek speedier or immediate release from custody, nor does he challenge the legality of his present incarceration. Rather, based on the grounds asserted in the petition, he challenges the conditions of his confinement. He contests his transfer from a state correctional institution to a county correctional facility and the lack of numerous "privileges and rights" that do not exist at the county facility. As such, his present claims are not properly before the court in a habeas corpus petition.

Consequently, the petition will be denied without prejudice to any right McCann may have to reassert his present claims in a properly filed civil rights complaint.[2] An appropriate order is attached.

---

[2] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim McCann may file based upon the facts asserted herein. He is advised, however, that any civil rights complaint he submits must be accompanied by either the required filing fee or the court's in forma pauperis and authorization forms.